Abraham V. Van Fleet, John T. Bird, Henry C. Pitney and Robert S. Green, Vice-Chancellors.

THE BOARD OF HEALTH AND VITAL STATISTICS OF HUDSON COUNTY

*v.*

THE NEW YORK HORSE MANURE COMPANY.

1. The ninth section of the "Act concerning county boards established for the protection of the public health and the registration of vital facts and statistics in counties of this state" (*Rev. Sup. p. 344*), was not intended to clothe county boards of health with the functions of the attorney-general in cases of public nuisance, but to authorize them to secure for individuals that protection which equity would afford to those persons upon their own suit.

1

2. It is essential that such a bill should exhibit, on its face, a case within the statute.

3. The statute plainly contemplates an action similar to that which an individual, injuriously affected, might have maintained.

---

On motion to dismiss bill under Rule 224.

*Mr. Spencer Weart,* for the motion.

*Mr. H. W. Winfield, contra.*

THE CHANCELLOR.

The bill is founded upon the ninth section of the act entitled "An act concerning county boards established for the protection of the public health and the registration of vital facts and statistics in counties of this state," which was approved May 5th, 1884. *Rev. Sup. p. 344.*

Somewhat shorn of its verbiage, that section provides that a county board of health, in its own name, may maintain a bill in equity for the abatement of a nuisance, whether the nuisance be public or private, where the pleadings and proofs make it apparent that the nuisance is of such a character that a private individual, living in its vicinity and affected by it, could maintain a like suit, and that the court shall proceed in the suit as it would in a similar action brought in the name of an individual specially injured in person or property by such alleged nuisance.

The language of this statute plainly contemplates an action similar to that which an individual, injuriously affected, might have maintained. An individual can maintain a suit for the restraint or abatement of a nuisance only when he is threatened with, or suffers, some private, direct, material and irreparable damage from it, and, if the nuisance be a public one (that is, one which affects the community generally), the damage which will authorize him to sue, must do, or threaten to do, him some special injury, beyond, and distinct from, that which is suffered by the public at large, which, without the interference of this court, will be irreparable.

Board of Health v. New York Horse Manure Co.

The test, then, is, whether the nuisance is one which does such a special injury, to one or more individuals residing in its vicinity, that he or they might have maintained an action for its abatement or restraint. The language of the statute makes it plain that the legislative purpose was, not to clothe county boards of health with the functions of the attorney-general in cases of public nuisances, but to authorize them, in their own names, to secure for individuals that protection which equity would afford to those persons upon their own suit.

The statute further requires that the fact, that there exists a special injury which would enable an individual to sue, shall appear by the pleadings. It is essential that the bill shall exhibit, on its face, a case within the statute. The bill before me shows a general public nuisance, but fails to allege a peculiar and special injury which would have enabled an individual to maintain a suit in his own name. In this failure it is defective. The objection to the form of the bill is therefore well taken.

The defendant rests his motion to dismiss the bill, also, on the further ground, that an indictment for the very nuisance complained of is pending, untried, in the Hudson oyer and terminer, against the corporators of the defendant company. This fact does not appear by the bill, and cannot now be considered. The defendant's motion takes the place of a demurrer to the bill, and deals only with the facts alleged in that pleading. The motion to dismiss the bill will be granted, unless the complainant shall desire to amend, so as to make a case within the statute, but without costs. *Rev. Sup. p. 344 § 10.*